48 F.3d 1228
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Duane Everett McMICAN, Plaintiff-Appellant,
v.
Samuel LEWIS, Director; et al., Defendants-Appellees.
 No. 94-16278.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 15, 1995.*
Decided Feb. 22, 1995.
 
 Before: SCHROEDER, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Duane Everett McMican, an Arizona state prisoner, appeals pro se the district court's summary judgment in favor of prison officials in McMican's 42 U.S.C. Sec. 1983 action. McMican contends that defendants violated his constitutional rights by returning to sender non-legal mail addressed to McMican but not marked with his inmate identification number on the outside of the envelope. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo the district court's summary judgment, Sanchez v. Vild, 891 F.2d 240, 241-42 (9th Cir.1989), and affirm.
 
 
 3
 A grant of summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). To defeat a summary judgment motion, the nonmoving party must come forward with evidence sufficient to establish the existence of any elements that are essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Taylor, 880 F.2d at 1045. "The party opposing summary judgment may not rest on conclusory allegations, but must set forth specific facts showing that there is a genuine issue for trial." Leer v. Murphy, 844 F.2d 628, 631 (9th Cir.1988).
 
 
 4
 McMican contends that the prison's regulation requiring the return to sender of all non-legal mail lacking inmate identification numbers violates the First and Fourteenth Amendment by interfering with McMican's correspondence. This contention lacks merit.
 
 
 5
 "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987). Factors relevant to the reasonableness of a challenged regulation include (1) whether the regulation has a logical connection to the legitimate government interests invoked to justify it; (2) whether alternative means of exercising the right on which the regulation impinges remain open to prison inmates; (3) the impact that accommodation of the asserted right will have on guards, other inmates, and prison resources; and (4) the absence of ready alternatives that fully accommodate the prisoner's rights at a de minimis cost to valid penological interests. Turner, 482 U.S. at 89-90; Friedman v. State of Arizona, 912 F.2d 328, 331 (9th Cir.1990), cert. denied, 498 U.S. 1100 (1991). In addition, courts should give deference to prison administrators in the adoption of policies to maintain institutional security. Bell v. Wolfish, 441 U.S. 520, 547 (1979).
 
 
 6
 In support of their motion for summary judgment, defendants submitted affidavits of a mailroom officer, a prison warden, and a grievance coordinator. These affidavits indicate that the policy requiring inmate identification numbers on non-legal mail satisfies the four Turner factors. First, the policy is logically related to the government's interest in promoting accuracy and efficiency in the delivery of mail to inmates. The policy ensures that the mail is distributed to the intended inmate, especially if there are two inmates with the same name. Accordingly, we agree with the district court's conclusion that the policy allows for the speedy and efficient distribution of the approximately 3,000 pieces of mail received daily by the prison. See Bell, 441 U.S. at 547.
 
 
 7
 Second, there exist alternative means for McMican to exercise his First Amendment rights. Defendants point out that McMican can use other means of communicating, such as the telephone and visitation. Furthermore, returned mail is stamped with an explanation of the identification number requirement and a telephone number to call for an inmate's identification number.
 
 
 8
 Third, a change in the mail policy would have an impact on guards, other inmates, and the prison administration. The policy protects the other inmates and employees at the prison by ensuring that personal mail is distributed to the correct person.
 
 
 9
 Fourth, we know of no alternative, and McMican has failed to present us with one, that would fully accommodate McMican's rights at a de minimis cost to the prison. McMican's suggested alternative, of directly delivering mail lacking an inmate identification number to a particular inmate if there is only one inmate in the prison with that name, would be costly, considering the high turnover of inmates and the twenty to thirty pieces of non-legal mail without inmate identification numbers that are received daily.[1]
 
 
 10
 In opposition to defendants' motion for summary judgment, McMican did not submit any evidence or make any persuasive arguments to indicate that the prison mail policy did not satisfy the four Turner factors.
 
 
 11
 McMican also contends that the mail policy violated his Eighth Amendment rights, by delaying the receipt of a money order needed to purchase "necessities." This contention lacks merit.
 
 
 12
 Defendants point out that indigent prisoners may apply for allowances to receive "necessities" such as health and sanitary items. McMican submitted no evidence that he was denied such necessities in violation of the Eighth Amendment.
 
 
 13
 As a matter of law, defendants were entitled to summary judgment. See Taylor, 880 F.2d at 1044. Accordingly, the district court did not err by granting summary judgment for defendants.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 McMican cites to an unpublished memorandum disposition in support of his contention that the prison's mail policy is unconstitutional. Under Fed.R.App.P. 36-3, however, McMican may neither cite to or rely on that unpublished decision. See Thomas v. Newton Int'l Enters., 42 F.3d 1266, 1272 (9th Cir.1994)